UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| STEPHEN B. WLODARZ, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:20-CV-199-RLJ-DCP |
| CENTURION OF TENNESSEE, LLC, et al., | ) | | |
| Defendants. | ) | | |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner proceeding pro se in a civil rights action under 42 U.S.C. § 1983, has filed a motion to revive his claims against Dr. Lane or amend his complaint to add Dr. Lane back to this action as a Defendant [Doc. 149]. Defendants Lynndy Byrge and Centurion of Tennessee, LLC ("Centurion") have filed a response in opposition to the motion [Doc. 161], and Plaintiff has filed a reply thereto [Doc. 167].

**I.  BACKGROUND**

Plaintiff initiated this action on April 6, 2020, alleging Defendants' deliberate indifference to his serious medical need for hip replacement surgery [Doc. 1]. Plaintiff was later permitted to file an Amended Complaint on June 15, 2020 [Docs. 15 and 16]. The Court screened the Amended Complaint in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and determined that Plaintiff's claims for the denial and/or delay of medical care would proceed as to all Defendants after its dismissal of Defendants Parker and Doe [Doc. 16].

On or about November 17, 2020, Defendant Dr. Edmund Lane filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docs. 53, 54]. On December 21, 2020, the Court granted Dr. Lane's motion and dismissed him with prejudice from this case

[Docs. 58, 59]. The Court found that Plaintiff failed state a cognizable claim against Dr. Lane, noting that "[w]hile Plaintiff maintains that Dr. Lane's culpable mental state is evidenced by his failure to make further appointments, Plaintiff also states that the decision to forego [hip replacement] surgery occurred on February 14, 2019, following his appointment with Dr. Brashear" [Doc. 58, p. 6; *see also* Doc. 15 p. 12, 14]. The Court further recognized that Plaintiff's own allegations admitted that Plaintiff was evaluated by Dr. Brashear and was determined to be a poor candidate for surgical intervention if the surgery were to be conducted. [Doc. 58, p. 6-7]. The Court noted that "[t]he fact that Plaintiff disagrees with Dr. Brashear's surgical assessment does not render Dr. Lane deliberately indifferent for heeding it" [*Id*. at 7].

In addition, the Court recognized that Plaintiff did not deny that he received treatment from Dr. Lane, and in fact, it noted that Plaintiff's Amended Complaint revealed "an extensive history of medical examination, evaluation, consultation, and treatment by Dr. Lane" in an attempt "to obtain treatment for a condition that was apparently very difficult to treat" [*Id*.]. Therefore, the Court found, Plaintiff's allegations amounted to a disagreement with Dr. Lane's course of treatment, which failed to state a claim for deliberate indifference. [*Id*.]. The Court thus dismissed Dr. Lane with prejudice from this action. [*Id*.].

On January 11, 2021, the Plaintiff filed a Motion to Alter or Amend the Judgment dismissing Dr. Lane from this matter pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. [Docs. 60, 61]. On May 20, 2021, the Court denied Plaintiff's motion, reiterating that Plaintiff's disagreement with the conclusion that Dr. Lane's actions failed to constitute deliberate indifference did not satisfy the requirements of Rule 59 or Rule 60. [Doc. 76, p. 2].

On October 4, 2022, a mere one day prior to when dispositive motions were due in this case [*See* Doc. 132], Plaintiff filed the present "Motion to Revive Claim against Edmund Lane

Medical Doctor, or in the Alternative, Motion to Amend Complaint to Add Defendant Edmund Lane, M.D." [Doc. 149].

## II.     ANALYSIS

### A.     Reconsideration of the Court's Prior Order Dismissing Dr. Lane

The Sixth Circuit has recognized that district courts may "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment" under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez,* 89 F. App'x at 959 (citation omitted). However, "such motions are not a means by which to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Equal Emp. Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

Plaintiff argues that his medical records were not timely disclosed by Defendant Lane as promised by Defendants on August 11, 2020 [Doc. 27], as the records were not received until March 17, 2021 [Doc. 167 p. 2]. Plaintiff maintains that these untimely disclosed medical records resulted in a premature Judgment Order as to Defendant Dr. Lane, as the now-disclosed records demonstrate that Defendant Dr. Lane "rebuffed the TDOC medical records he certified that proved

sterility in Plaintiff's left hip joint. Thereby, Dr. Lane disqualified Plaintiff from being eligible for hip joint reconstruction surgery" [Doc. 167 p. 1]. Plaintiff contends that the update provided by Defendants Byrge and Centurion on November 15, 2021, acknowledges a sterility in Plaintiff's hip joint that qualified him for hip reconstruction surgery [*Id*. at 4]. Therefore, Plaintiff argues, there is no information to support Dr. Lane's alleged diagnosis of osteomyelitis or explanation for what actually occurred following Plaintiff's surgical consult with Dr. Brashear on February 14, 2019 [*Id*.].

Additionally, Plaintiff claims, Defendants have "misconceived facts that occurred on February 14, 2019," as Dr. Lane stated that he would not make any further appointments because of Plaintiff's "pockets of abcesses" and "atrophy" without prescribing any treatment [*Id*.]. Plaintiff also argues that Dr. Brashear plainly stated in his notes that he recommended Plaintiff "to be referred to Vanderbilt or a place he had his surgeries" [*Id*. at 5]. Dr. Lane then provided his own handwritten evaluation and entered into Plaintiff's medical record terminating surgery [*Id*.].

Here, Plaintiff has not raised an intervening change of controlling law, and there is no new evidence now available to Plaintiff that he did not already have available to him. Furthermore, there is no need to correct a clear error or to prevent manifest injustice because the Court has twice determined that Plaintiff's complaint fails to state a cognizable claim that Dr. Lane acted with deliberate indifference in Plaintiff's medical care. Plaintiff's additional citation to his medical records that are alleged "misrepresentations" serve to reinforce the Court's prior determination that the Plaintiff's Amended Complaint contained "an extensive history of medical examination, evaluation, consultation, and treatment by Dr. Lane" [Doc. 58 p. 7, Doc. 149, Doc. 149-1]. Further, the second proposed Amendment Complaint is likewise replete with references to Dr. Lane's treatment of Plaintiff, and Plaintiff's citations to the record demonstrate that he merely disagrees

4

with the treatment and medical decisions rendered [*See* Doc. 149-1].  *See Theriot v. MacLaren*, No. 21-2596, 2022 WL 2161391, *2 (6th Cir. Mar. 16, 2022) (recognizing "deliberate indifference is a high standard; consequently, medical malpractice, negligent diagnosis or treatment, and mere disagreement with medical treatment are inadequate to state a § 1983 claim").  Therefore, Plaintiff has failed to meet his burden of demonstrating that Rule 54 relief is warranted in this action.

For the same reasons Plaintiff has failed to meet his burden of relief under Rule 54, he likewise fails to demonstrate an entitlement to alter or amend the judgment under Rule 59(e) or to be relieved from an order under Rule 60.  *See, e.g.*, *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (finding court "may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice").  That is, Plaintiff is seeking yet another opportunity to convince the Court to reinstate claims that the Court has already found lacking [*See* Docs. 58, 59, 76].  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (holding Rule 59(e) does not provide litigants the "opportunity to re-argue a case") (citation omitted); *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.") (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).  Therefore, Plaintiff is not entitled to relief under Rules 54, 59, or 60 of the Federal Rules of Civil Procedure.

B.      **Proposed Second Amended Complaint**

Rule 15 of the Federal Rules of Civil Procedure directs that leave to amend the pleadings should be "freely give[n]" "when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2).  Justice does not require leave to amend, however, in cases of undue delay, prejudice to the nonmovant, bad

5

faith, dilatory motive, or where the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). While there must be "at least some significant showing of prejudice to deny a motion to amend based solely upon delay[,]" courts have recognized that allowing an amendment after discovery is closed and summary judgment motions are "fully briefed" imposes significant prejudice on defendants. *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (internal quotation marks omitted). Here, Plaintiff moved to further amend his Amended Complaint one day prior to the dispositive motions deadline, and almost two months after the close of discovery [*Compare* Doc. 132 *with* Doc. 149]. Moreover, the motion was filed some sixteen months after the Order denying Plaintiff's initial Rule 60 motion challenging the dismissal of Dr. Lane with prejudice [*Compare* Doc. 76 *with* Doc. 149]. Accordingly, the Court finds the instant motion was not timely filed, and that Defendants would be significantly prejudiced by the re-inclusion of Dr. Lane in this action.

Additionally, Plaintiff "may not revive by amendment claims dismissed with prejudice," and therefore, Plaintiff's second proposed Amended Complaint is otherwise properly denied. *Camillo v. Campbell Clinic, P.C.*, No. 2:19-cv-2876, 2021 WL 1233516, at *3 (W.D. Tenn. Apr. 1, 2021). Further, even if the Court had not dismissed Dr. Lane with prejudice, "[t]he Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." *Griffith v. Whitesell*, No. 3:08-0385, 2008 WL 3852415, *5 (M.D. Tenn. Aug. 14, 2008) (citing *Neighborhood Development v. Advisory Council, Etc.*, 632 F.2d 21, 23 (6th Cir.1980)). As the Court noted above, Plaintiff's own pleadings demonstrate that Dr. Lane

6

rendered medical care to Plaintiff on numerous occasions, and Plaintiff cannot demonstrate deliberate indifference on the facts alleged. *Theriot*, 2022 WL 2161391, *2; *see also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

### III. CONCLUSION

Plaintiff has not carried his burden for this Court's reconsideration of its prior Order dismissing Dr. Lane from this action, nor has he carried his burden for amending the operative Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Therefore, Plaintiff's motion to amend or revive his claim against Dr. Lane or further amend his Amended Complaint [Doc. 149] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge