UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| STEPHEN B. WLODARZ, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-199-TAV-DCP |
| | ) | |
| CENTURION OF TENNESSEE, LLC, | ) | |
| KENNETH WILLIAMS, | ) | |
| TDOC Medical Director, | ) | |
| DR. CHESTER, | ) | |
| DSNF Medical Director, and | ) | |
| LYNNDY BYRGE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to alter or amend this Court's January 24, 2023, Judgment Order dismissing his pro se civil rights action under 42 U.S.C. § 1983 [Doc. 189]. Defendants filed a response opposing the motion [Doc. 190], Plaintiff replied [Doc. 191], and Defendants filed a surreply [Doc. 192]. For the reasons set forth below, Plaintiff's motion [Doc. 189] will be **DENIED**.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2020, Plaintiff filed an amended complaint alleging Defendants delayed and/or denied him a prescribed hip replacement surgery [Doc. 15]. Upon screening the amended complaint in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e) and 1915A, the Court allowed Plaintiff's claim to proceed against Defendants Centurion of Tennessee, LLC ("Centurion"), Dr. Edmund Lane, Dr. Kenneth

Williams, Dr. Chester, and Lynndy Byrge[1] [Doc. 16]. Defendants Centurion and Lane subsequently filed motions to dismiss [Docs. 22 and 53]. Centurion's motion to dismiss was denied [Doc. 36], and Centurion filed an answer [Doc. 40]. Defendant Lane's motion to dismiss was granted [Docs. 58 and 59]. Plaintiff moved the Court for reconsideration of its Order dismissing Lane [Doc. 60], but that motion was denied [Doc. 76]. Plaintiff appealed the Order denying his motion for reconsideration [Doc. 79], but since the appeal was taken from an interlocutory order, the appeal was dismissed [Doc. 103].

While Plaintiff's appeal was pending, the Court stayed this case and held it in abeyance due to Plaintiff's appeal and tentatively scheduled orthopedic surgery [Doc. 88]. On November 15, 2021, in response to an Order requiring Defendants to provide an update as to Plaintiff's surgical status [Doc. 101], Defendants Centurion and Byrge filed an update advising the Court that Plaintiff's surgery was scheduled for January 2022 [Doc. 104]. On April 6, 2022, the Court entered an Order lifting the stay of proceedings and directing the Clerk to prepare an amended scheduling order [Doc. 121]. A superseding Scheduling Order was entered on May 16, 2022 [Doc. 132].

On April 13, 2022, the Court entered an Order requiring Plaintiff to show cause why Defendant Chester should not be dismissed due to Plaintiff's failure to request entry of default against him [Doc. 123]. On April 20, 2023, Defendants filed a Joint Status Report advising that Plaintiff received a left hip revision at Vanderbilt Medical Center on

---

[1] Plaintiff initially identified Lynndy Byrge as "Lyndy Fagan" [Doc. 15 p. 5, 7]. The Clerk was subsequently directed to update the docket to correct the name of this Defendant [Doc. 45].

April 8, 2022 [Doc. 124]. On May 2, 2022, Plaintiff filed a response to the Court's Order to show cause [Doc. 126] and a motion for default judgment as to Defendant Chester [Doc. 127]. The Court denied the motion for default judgment without prejudice, noting that Plaintiff had failed to first obtain an entry of default from the Clerk [Doc. 131]. Plaintiff moved for reconsideration of that Order [Doc. 136], which the Court denied [Doc. 137].

On October 4, 2022, the day before the dispositive motion deadline in this case [*see* Doc. 132 ¶ 2], Plaintiff filed a motion to revive his claims against Defendant Lane, or, in the alternative, to file a second amended complaint including allegations against Defendant Lane [Doc. 149]. The following day, October 5, 2022, Defendants Byrge and Centurion filed motions for summary judgment [Docs. 152, 155], and Defendant Williams filed a motion to dismiss [Doc. 159]. On October 14, 2022, Defendants Byrge and Centurion filed a response opposing Plaintiff's motion to renew his claims against Defendant Lane or further amend his amended complaint [Doc. 161], and Plaintiff filed a reply on November 2, 2022 [Doc. 167]. On November 8, 2022, the Court denied Plaintiff's motion to revive his claims against Defendant Lane or further amend his amended complaint [Doc. 169].

On December 15, 2022, Plaintiff filed a response to Defendant Williams's motion to dismiss [Doc. 180], and he filed responses to the motions for summary judgment on January 5, 2023 [Docs. 182-184]. Defendants Byrge and Centurion filed replies to Plaintiff's responses to the pending summary judgment motions on January 12, 2023

[Docs. 185, 186]. This Court determined that "the undisputed evidence in this case shows that, since at least 2015, Plaintiff has received extensive medical care relating to his hip, culminating in hip revision surgery in April of 2022" [Doc. 187 p. 16]. The Court noted that between those dates, the undisputed evidence showed that Plaintiff "underwent diagnostic testing, was referred for specialty consults, prescribed pain medication and mobility devices, and routinely evaluated by medical providers" [*Id*. at 17-18].

As to Defendant Byrge, the Court found she was not responsible for Plaintiff's medical care, nor could she alter any treatment plans ordered by providers, and therefore, could not be held vicariously liable [*Id*. at 18]. Similarly, the Court found Plaintiff failed to support his conclusory allegation that Centurion delayed his eventual hip replacement surgery through a custom of removing in-network providers, as the undisputed record before the Court demonstrated that surgical procedures are reviewed and approved by Centurion's utilization management, and that even upon approval, it can be a lengthy process to obtain specialty consults for State inmates [*Id*. at 19]. The Court also found that the record demonstrated that Centurion follows Tennessee Department of Correction ("TDOC") policies and was in compliance with its contractual obligations [*Id*.]. The Court found that "there are no genuine issues of material fact to suggest Defendants were deliberately indifferent" to Plaintiff's medical needs, and Defendants were entitled to summary judgment [*Id*. at 17]. The Court determined it did not need to resolve the issue of Plaintiff's alleged failure to exhaust his administrative remedies or the corresponding statute of limitations arguments based on these findings [*Id*. at 18 n. 8].

4

As to Defendant Williams, the TDOC Medical Director, the Court found that Plaintiff could not rely upon a respondeat superior theory of liability, and that "there are no allegations in the complaint to suggest that Defendant Williams authorized, approved, or knowingly acquiesced in any alleged unconstitutional conduct" [*Id.* at 21].

On January 24, 2023, the Court entered a Memorandum Opinion and separate Judgment Order granting Defendants Centurion and Byrge's motions for summary judgment, granting Defendant Williams's motion to dismiss, and dismissing Defendant Chester from this action [Docs. 187, 188].

On February 27, 2023, the Court received the instant motion to alter or amend judgment [Doc. 189]. Defendants Byrge and Centurion filed a response opposing the motion on March 9, 2023 [Doc. 190]. Plaintiff filed a "Sur-reply" [Doc. 191] to which Defendants replied on April 10, 2023 [Doc. 192]. The Court finds this matter ripe for adjudication.

## II. LEGAL STANDARD

"Plaintiff's Motion to Alter or Amend Judgment Order Doc. No. 188" is brought pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure [Doc. 189]. Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted "to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*,

5

579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). A district court has considerable discretion in determining whether to reconsider an earlier ruling under Rule 59(e). *See, e.g., GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999) (acknowledging that appellate review standard is for abuse of discretion). However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Dissatisfaction with the court's initial judgment and/or disagreements with its conclusions are insufficient to support a Rule 59(e) motion. *See, e.g., Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Therefore, Rule 59(e) does not provide litigants the "opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

Similarly, Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted).

## III. ANALYSIS

First, the Court notes that it received Plaintiff's motion more than twenty-eight days after it entered final judgment in this action [*Compare* Doc. 188 *with* Doc. 189]. Because of this, the parties disagree whether Plaintiff may seek relief under Rule 59(e) [*Compare* Doc. 190 p. 5 n.1 *with* Doc. 191 p. 1-2]. Under the mailbox rule, a prisoner's document is considered "filed" when it is submitted to prison authorities for mailing. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Absent evidence to the contrary, a petition is deemed "filed" on the date it is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Here, Plaintiff's motion contains a Certificate of Service indicating it was mailed on February 17, 2023, which is within the twenty-eight-day window [Doc. 189 p. 22].

However, the envelope bearing Plaintiff's motion contains an outgoing mail stamp indicating that the package was received by the prison mail room on February 21, 2023, which is also the date that postage was added to the envelope [Doc. 189 p. 33; *see also* Doc. 191 p. 2]. Therefore, it appears Plaintiff's motion was delivered to prison officials for mailing on February 21, 2023, which is likewise within Rule 59(e)'s twenty-eight-day window. Accordingly, the Court will consider Plaintiff's motion timely under Rule 59(e) and will consider the merits of Plaintiff's motion under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.

Plaintiff asserts that the jury could discern from his medical records that there was deliberate indifference by Defendants because no antibiotics were provided to him between May 16, 2016, and August 25, 2020, despite Dr. Lane's repeated diagnoses of osteomyelitis [*See, generally*, Doc. 189]. Relatedly, Plaintiff claims this Court omitted evidence that sterility in Plaintiff's left hip area was essential before Plaintiff could be eligible for hip joint reconstruction surgery, and that he had hip sterility despite Dr. Lane's diagnoses of osteomyelitis [*See id.* at 6-9, 15]. However, Plaintiff asserted that argument in his response to Defendants' motions for summary judgment [Doc. 183 p. 5-6], and Plaintiff's medical records were before the Court at the time it rendered judgment [*See, e.g.*, Doc. 158]. Additionally, there is no medical proof before the Court that the diagnosis of osteomyelitis itself (rather, say, than Plaintiff's age and the lack of an available surgical provider) is the reason why orthopedic surgery services were not rendered earlier. Further, there was no medical proof or evidence that antibiotics were warranted, and if so, that the delay in

8

prescribing them resulted in any harm to Plaintiff. Thus, Plaintiff did not prove his deliberate indifference claim. *Phillips v. Tangilag*, 14 F.4th 524, 538 (6th Cir. 2021) (recognizing plaintiff's argument was "fatal" because he failed to put forth medical proof to support deliberate indifference claims based on an alleged delay in treatment).

Plaintiff further alleges that Defendants have made fraudulent entries in his medical records and, presumably, committed fraud on the Court. He also takes issue with the Court's recitation of his medical records, such as the Court's recitation that Plaintiff received an MRI on June 29, 2015 [Doc. 189 p. 8, *referencing* Doc. 188 p. 1-2]. Plaintiff additionally contends that it is false that he refused hip reconstruction surgery on September 12, 2019 [Doc. 191 p. 5-6]. However, the certified medical records before the Court indicate that Plaintiff received an MRI on June 25, 2015 [Doc. 158 p. 36], and he refused a Chronic Care visit on September 12, 2019 [Doc. 158 p. 4]. The Court's Memorandum Opinion does not suggest that Plaintiff refused hip reconstruction surgery [*See, generally*, Doc. 187].

As to Plaintiff's remaining arguments, the Court agrees with Defendants Centurion and Byrge that the instant motion "relies on the same conclusory allegations, hearsay, and medical records already produced, cited to, and considered by the Court" [Doc. 190 p. 13]. Plaintiff's motion reveals no clear error of law, newly discovered evidence, intervening change in law, need to prevent manifest injustice, fraud, neglect, or any other reason relief should be granted under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. Rather, it represents Plaintiff's disagreement with the Court's conclusions through a

9

proscribed attempt to recycle previously presented arguments and assert new explanations, which is an insufficient basis to grant the requested relief. *See Engler*, 146 F.3d at 374 ("[A] motion under Rule 59(e) is not an opportunity to re-argue a case."); *Baxter v. Tenn.*, No. 12-1294, 2016 WL 1045569, at *2 (W.D. Tenn. Mar. 15, 2016) ("Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome." (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has failed to demonstrate an entitlement to relief under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, and his motion [Doc. 189] is **DENIED**.

ENTER:

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
